FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

'12 JAN 13 P2 51

LEON E. LEE )
   *Plaintiff,* )
) Civil Case No. 12-CV-1025
vs )
)
COHEN McNEILE & PAPPAS, P.C. ) Judge JTM - KGG
JAMES M. McNEILE #13044 )
CLIFFORD A. COHEN )
GREGORY J. PAPPAS )
RICHARD MILONE #22924 )
DUSTIN J. STILES #25152 ) TRIAL BY JURY DEMANDED
SUSAN DeCOURSEY #16272 )
JACK PEGGS, # 07067 )
John Does 1 Thru 5 )
   *Defendants.* )
)

## ORIGINAL COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA") and the Kansas Consumer Protection Act, K.S.A § 50-623 et seq. (the "KCPA"), which prohibit debt collectors like Defendants from engaging in abusive, deceptive, unconscionable, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1332, and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff, Leon E. Lee is a natural person residing in Wichita, Kansas.

5. Defendant COHEN McNEILE & PAPPAS, P.C. is a debt collection and litigation law firm with offices at 4601 College Blvd., Suite 200, Leawood, Kansas 66211.

6. Defendant James M. McNeile state bar # 13044 is a principal of COHEN McNEILE & PAPPAS, P.C.

7. Defendant Clifford A. Cohen is an attorney and a principal of COHEN McNEILE & PAPPAS, P.C.

8. Gregory J. Pappas is an attorney and a principal of COHEN McNEILE & PAPPAS, P.C.

9. Defendant Richard Milone state bar #22924 is an attorney employed by COHEN McNEILE & PAPPAS, P.C.

10. Defendant Dustin Styles state bar #25152 is an attorney employed by COHEN McNEILE & PAPPAS, P.C.

11. Defendant Susan DeCoursey state bar #16272 is an attorney employed by COHEN McNEILE & PAPPAS, P.C.

12. Defendant Jack Peggs state bar #07067 is an attorney employed by COHEN McNEILE & PAPPAS, P.C.

13. The Defendants COHEN McNEILE & PAPPAS, P.C., James M. McNeile, Clifford A. Cohen, Gregory J. Pappas, Richard Milone, Dustin Styles, Susan DeCoursey and Jack Peggs are each a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

14. The Defendants are each a "supplier" as defined by the KCPA, K.S.A. § 50-624.

15. The Defendants are in the business of collecting consumer debts using the mails and telephone.

16. The Defendants regularly attempt to collect consumer debts alleged to be owed to another person or entity.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17. On or about April 12, 2011 Plaintiff received a collection letter from Frederick J. Hanna & Associates, P.C. regarding an alleged account with FIA CARD SERVICES, N.A. making demand for payment in the amount of $7475.39 as a result of alleged consumer transactions.

18. Plaintiff sent a timely demand for validation of the alleged debt to Frederick J. Hanna & Associates, P.C. by certified mail on or about April 16, 2011.

19. Plaintiff received a reply to his validation demand from Frederick J. Hanna & Associates, P.C. dated May 5, 2011 which included a letter and several other documents that appeared to be copies of some alleged statements. The letter stated that <u>Frederick J. Hanna & Associates, P.C. was willing to settle the debt for the amount of $3,737.70</u> which was **exactly** a fifty percent reduction from the amount first stated to be owed.

20. Plaintiff sent a response to Frederick J. Hanna & Associates, P.C. stating that what they had provided was not validation and again stated what was necessary to properly and legally validate the alleged debt and requested said validation. Plaintiff never received any further correspondence from Frederick J. Hanna & Associates, P.C.

21. On or about July 15, 2011 Plaintiff received a collection letter dated June, 14, 2011 from Defendant COHEN, McNEILE & PAPPAS, P.C. signed by James M. McNeile. The letter stated it was from a debt collector and made demand for $7,475.39 for a debt alleged to be owed to FIA CARD SERVICES, N.A. as a result of alleged consumer transactions. The alleged debt was exactly the same as Frederick J. Hanna &

Associates, P.C. had previously attempted to collect from the Plaintiff where no validation of the alleged debt was ever provided after multiple requests by the Plaintiff. In stating that the amount due was $7,475.39 the Defendants made a false or misleading representation in their communication to the Plaintiff in violation of 15 U.S.C. § 1692e(2).

22. Plaintiff had been away from home for approximately one month harvesting wheat and received the initial communication from COHEN, McNEILE & PAPPAS, P.C. upon his return when going through his mail on or about July 15, 2011.

23. Plaintiff sent a demand for validation of the alleged debt to COHEN, McNEILE & PAPPAS, P.C. both by fax and certified mail on August 2, 2011 which was within 30 days of his receipt of the initial communication and demand for payment from Defendant COHEN, McNEILE & PAPPAS, P.C.

24. COHEN, McNEILE & PAPPAS, P.C. has acknowledged receipt of the validation demand on August 2, 2011 by fax.

25. The Defendants did not even attempt to provide any kind of information alleged to be validation of the alleged debt until January 2012 which was when notice of this lawsuit was given and said information consisted of nothing more than what appeared to be some alleged account statements. No verified information or accounting was provided which does not constitute validation of the alleged debt.

26. On November 1, 2011 Plaintiff was served with a summons as the defendant in a lawsuit with FIA CARD SERVICES, N.A. shown as the plaintiff in Case No. 11LM16361 in the District Court of Sedgwick County, Kansas. Demand was made for $6347.05 plus accrued interest in the amount of $1128.34 up to March 31, 2011 for a total of $7,475.39 in violation of 15 U.S.C. § 1692g(b).

27. COHEN, McNEILE & PAPPAS, P.C. is shown as counsel for FIA CARD SERVICES, N.A. in the lawsuit with James M. McNeile, Richard Milone and Dustin J. Stiles shown as attorneys for plaintiff with the signature of James M. McNeile on the complaint.

28. Defendants are subject to the FDCPA even when representing the original creditor pursuant to the United States Supreme Court decision in Heintz v Jenkins.

29. Plaintiff sent a Notice of Intent to Sue for FDCPA violations to COHEN, McNEILE & PAPPAS, P.C. dated October 25, 2011 which was sent by certified mail # 7011 1570 0002 3066 1435 and by fax which was received by Defendants on November 4, 2011.

30. Plaintiff received a response by email from Susan DeCoursey on November 7, 2011 wherein she denied the allegations made in the notice by the Plaintiff against the Defendants. The allegations were of violations of the FDCPA for their failure to validate the alleged debt and continuing collection activities by moving forward with litigation and causing the Plaintiff to be served with the summons and complaint for the case in the District Court of Sedgwick County, Kansas.

31. DeCoursey made a collection demand in her email by making the statement "Rather than filing a claim against us in Federal Court, I strongly suggest you contact me to discuss a settlement of the pending action filed against you in Sedgwick County, Kansas case no. 11LM16361" in blatant violation of 15 U.S.C. § 1692g(b).

32. The communication from DeCoursey with the statement "....I strongly suggest you contact me to discuss a settlement of the pending action filed against you in Sedgwick County, Kansas....." when no validation of the alleged debt had been provided was an abusive, deceptive and unfair practice in violation of 15 U.S.C. § 1692f, § 1692d, and § 1692e as well as K.S.A. § 50-626(b)(2).

33. The email communication from DeCoursey also failed to include the required "mini-miranda" disclosure that the collection demand communication was from a debt collector in violation of 15 U.S.C. § 1692e(11).

34. Plaintiff responded to COHEN, McNEILE & PAPPAS, P.C. on November 8, 2011 via email making note of the violations contained in the November 7, 2011 email from DeCoursey. In response, DeCoursey replied via email attaching a letter offering a $500 settlement for the violations of the FDCPA with a condition of his acceptance being that Plaintiff would dismiss his Counterclaim in the Sedgwick County, Kansas District Court with prejudice.

35. The demand by DeCoursey on behalf of the Defendants that for Plaintiff to accept their settlement offer of $500 that Plaintiff was required to dismiss his substantial Counterclaim in the state court case with prejudice was unconscionable. It was a deceptive act meant to eliminate substantial potential liability the Defendants may incur in the state court case and in no way was a bona fide offer of payment of acknowledged damages for their violations of the FDCPA as represented.

36. The letter also had a NOTICE which stated "This communication is from a debt collector. *This is an attempt to collect a debt* and any information obtained will be used for that purpose." Once again, COHEN, McNEILE & PAPPAS, P.C. was attempting collection of the alleged debt and stated that the communication was an attempt to collect a debt when no validation had yet been provided to Plaintiff in blatant violation of 15 U.S.C. § 1692g(b).

37. In Plaintiff's November 8, 2011 response email he informed COHEN, McNEILE & PAPPAS, P.C. that he had not received their initial collection letter until on or about

July 15, 2011 and had made a timely demand for validation within 30 days of receipt of their initial communication.

38. On November 16, 2011 Jack Peggs appeared in Sedgwick County, Kansas District Court as agent for COHEN, McNEILE & PAPPAS, P.C. in an attempt to collect the alleged debt from the Plaintiff in yet another violation of 15 U.S.C. § 1692g(b) when no validation of the alleged debt had been provided to the Plaintiff as demanded in a timely manner under the FDCPA.

39. On November 17, 2011 Plaintiff received an email communication from DeCoursey with an attached letter wherein it was stated that the previous offer of settlement made to the Plaintiff was being renewed and the suit in Sedgwick County, Kansas District Court **would not be dismissed**.

40. In the letter from COHEN, McNEILE & PAPPAS, P.C. DeCoursey stated, in part, "Certainly, if you had notified us that you had been out of town, we would have extended the validation period. We had no way of knowing the date you received our demand letter until now. Normally it is **presumed** [emphasis added] to be received within three days by the mail box rule. Moreover, it is likely our law firm would succeed with the defense of a bona fide error and lack of intent to violate the FDCPA pursuant to 15 U.S.C. § 1692k."

41. It was unconscionable for DeCoursey to intimate that it was the responsibility of the Plaintiff to inform COHEN, McNEILE & PAPPAS, P.C. of his being out of town so they could avoid violating the FDCPA because of their **PRESUMPTION** regarding his receipt of the initial communication from them. It was also unconscionable that DeCoursey would state "Certainly, if you had notified us that you had been out of town, we would have extended the validation period." intimating that *if the defendant*

*had done something he had no responsibility to do or reason to think about,* the Defendants would have followed the law in attempting to collect the alleged debt from him.

42. DeCoursey's statement about succeeding using the defense of "bona fide error and lack of intent" in a federal case against the Defendants flies in the face of the obvious when one looks at the CONTINUED collection actions of the Defendants even after being made aware of AND ADMITTING their violations of the FDCPA. A bona fide error and lack of intent defense could not begin to excuse the Defendants' blatant disregard for the FDCPA once their violations were made known to them and they continued with the same violative actions.

43. The November 17, 2011 communication contained a NOTICE which stated "This communication is from a debt collector. ***This is an attempt to collect a debt*** and any information obtained will be used for that purpose." Said letter with statements indicating the Defendants were continuing collection when no validation of the alleged debt had yet been provided to Plaintiff (or had even been attempted) was but one more in a series of continuing violations of 15 U.S.C. § 1692g(b).

44. On or about November 30, 2011 Plaintiff received a notice of hearing in the District Court of Sedgwick County, Kansas wherein the Defendants submitted a response to Plaintiff's Motion to Vacate Default Judgment. Defendants argued that the judgment entered against Plaintiff due to a mistake on his part of failing to appear before said Court should NOT be vacated so they could collect from the Plaintiff on the alleged debt. This serving of papers to the Plaintiff in an attempt to maintain the default judgment and their actions to continue collection of the alleged debt were yet another blatant violation of 15 U.S.C. § 1692g(b).

45. At no point up until notice of the intent to file this complaint in January 2012 have the Defendants made ANY attempt whatsoever at validation of the alleged debt they are attempting to collect. They appear to believe they are above the law and not required to do so. They have stated they have validated the alleged debt when they have not, yet their collection activities continue in their correspondence with the Plaintiff and in the District Court of Sedgwick County, Kansas case no. 11LM16361" in blatant violation of 15 U.S.C. § 1692g(b), § 1692c(C) § 1692d and the KCPA.

46. On December 16, 2011 the default judgment against Mr. Lee in the District Court of Sedgwick County, Kansas was vacated and the case was put back on the docket to move forward to trial by order of the presiding judge. <u>Counsel for the Plaintiff in that case (Defendants herein) failed to appear for the hearing</u> on Mr. Lee's Motion to Vacate the Default Judgment and his motion was granted.

47. On or about December 22, 2011 Plaintiff received a notice of rehearing filed with the Court in Sedgwick County, Kansas by the Defendants citing "excusable neglect" as the reason for their failure to appear at the hearing where the above mentioned default judgment was vacated in the District Court of Sedgwick County, Kansas. Defendants, all being attorneys and substantial in number, had absolutely NO excuse for not appearing in the District Court of Sedgwick County, Kansas and their actions in requesting a rehearing because of their so called "excusable neglect" are unconscionable, objectionable, and but one more example of the lack of bona fide procedures in place to avoid errors in their collection activities.

48. It appears that no matter how many violations of the law the Defendants commit and how many things they neglect, they believe that it should all be brushed aside, forgotten or excused, and the expectation on their part is that the Plaintiff should just

"pay up" on a debt that they allege he owes with absolutely NO PROOF OF CLAIM whatsoever being provided. Such behavior seems to be the norm in the debt collection industry today with the skyrocketing number of complaints to the FTC and other agencies regarding blatant and egregious violations of the law in the debt collection practices by NUMEROUS debt collectors AND law firms throughout the country.

49. It appears that there is an extraordinary amount of **continuing neglect** within the procedures and operations of the Defendants in this matter on an ongoing basis. They appear to have a very difficult time adhering to Federal and Kansas law in their debt collection practices and once again have violated 15 U.S.C. § 1692g(b) by continuing their collection actions when no validation of the alleged debt at issue in the District Court of Sedgwick County, Kansas has been provided as demanded.

50. Defendants Clifford A. Cohen, Gregory J. Pappas, and James NcNeile were aware, or should have been aware, as principals of COHEN, McNEILE & PAPPAS, P.C., of the violative activities of those in their employ including Susan DeCoursey, Jack Pegg, Richard Malone, and Dustin Styles and under the Doctrine of Respondeat Superior are individually liable in all respects for damages incurred by the Plaintiff as a result of the actions of the other Defendants under their supervision.

51. Plaintiff has reason to believe there are other entities and/or persons that are presently unknown that are involved in, and would illicitly benefit from, the successful efforts by the Defendants to collect the alleged debt from the Plaintiff. Said persons and/or entities are, with the assistance of the Defendants, fraudulently acting in the name of FIA CARD SERVICES, N.A. The identities of John Does 1 thru 5 are to be ascertained through the discovery process as this claim moves forward to trial.

52. As a result of the acts alleged above, Plaintiff has suffered actual damages, including, **but not limited to**, fees and costs, time away from work, extended periods of severe sleeplessness, depression, anger, embarrassment, emotional distress and fatigue.

### COUNT I – VIOLATIONS OF FDCPA § 1692e

53. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 thru 53 above.

54. Defendants violated the FDCPA by using false, deceptive, or misleading representations in the course of attempting to collect a debt allegedly owed by Plaintiff. Defendants' violations include, but are not limited to, the following:

    a. Defendants violated 15 U.S.C. § 1692e(2) by making a false representation of the character, amount or legal status of Plaintiff's alleged debt; and

    b. Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt allegedly owed by Plaintiff.

    c. Defendants violated 15 U.S.C. § 1692e(11) by failing to include the "mini-miranda" warning: "This is an attempt to collect a debt….communication is from a debt collector" in their email communication with Plaintiff.

51. As a result of the FDCPA violations set forth in Count I of this complaint, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, costs and any attorney's fees.

### COUNT II – VIOLATIONS OF FDCPA § 1692d

55. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 thru 53 above.

56. Defendants, on account of their conduct as alleged herein, violated FDCPA § 1692d because the natural consequence of their conduct was to harass, oppress, or abuse the Plaintiff into paying an alleged debt that Defendants at all times refused to validate.

57. As a result of the FDCPA violations set forth in Count II of this complaint, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, costs and any attorneys' fees.

## COUNT III – VIOLATIONS OF FDCPA § 1692f

58. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 thru 53 above.

59. Defendants, on account of their conduct as alleged herein, violated FDCPA § 1692f, because their conduct constituted the use of unfair or unconscionable means to collect or attempt to collect a debt allegedly owed by Plaintiff.

60. As a result of the FDCPA violations set forth in Count III of this complaint, Defendants are liable to Plaintiff for judgment that Defendants' conduct violates the FDCPA, and for Plaintiff's actual damages, statutory damages, costs and any attorneys' fees.

## COUNT IV – VIOLATIONS OF FDCPA § 1692g(b)

61. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 thru 53 above.

62. Defendants, on account of their conduct as alleged herein, violated FDCPA § 1692g(b) because they continued collection activities including litigation after Plaintiff had made a demand for validation of the alleged debt and no attempt at validation was made or validation provided to the Plaintiff at any time up to the time this complaint was filed.

63. As a result of the FDCPA violations set forth in Count IV of this complaint, Defendants are liable to Plaintiff for judgment that Defendants' conduct violates the FDCPA, and for Plaintiff's actual damages, statutory damages, costs and any attorneys' fees.

## COUNT V – VIOLATIONS OF THE KCPA

64. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 thru 53 above.

65. Defendants violated the KCPA by employing deceptive acts and practices in order to collect a debt arising from alleged credit transactions conducted by Plaintiff in the State of Kansas and allegedly owed by Plaintiff. Defendants' violations of the KCPA include, but are not limited to, the following:

> a. Defendants violated K.S.A. § 50-626(b)(2) by the willful use of a written representation of exaggeration, falsehood, innuendo or ambiguity as to a material fact; and
>
> b. Defendants violated K.S.A. § 50-626(b)(3) by the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact.

66. As a result of the KCPA violations set forth in Count V of this complaint, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated the KCPA.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants COHEN, McNEILE & PAPPAS, P.C., James M. McNeile, Clifford A. Cohen, Gregory J. Pappas, Susan DeCoursey, Jack Pegg, Richard Malone, Dustin Styles and any John Doe's that are identified for the following:

   a. Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for Defendants' violation of the KCPA;

   b. Actual damages in the amount of any judgment in the District Court of Sedgwick County, Kansas as a result of the action brought by Defendants against Plaintiff, as well as any further damages deemed to be just and appropriate for Plaintiff's injuries as a consequence of the actions of the Defendants;

   c. Statutory damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000 per Defendant;

   d. Statutory damages pursuant to K.S.A. § 50-636 in the amount of $10,000 per Defendant;

   e. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and K.S.A. § 50-634;

   f. For such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable as a matter of law.

## TRIAL DESIGNATION

Plaintiff designates Wichita, Kansas, as the location for the trial in this action.

Respectfully Submitted,

Leon E. Lee
1314 N. Dunsworth Avenue
Wichita, Kansas 67212
316-680-2833