## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

LEON E. LEE                                )
                                           )
                    Plaintiff,             )        Case No.  12-CV-1025-JTM/KGG
                                           )
v.                                         )
                                           )
COHEN MCNEILE & PAPPAS, P.C.,              )
et al,                                     )
                                           )
                    Defendants.            )

## SUGGESTIONS IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

COME NOW defendants Cohen McNeile & Pappas, P.C., James M. McNeile, Clifford A. Cohen, Gregory J. Pappas, Richard Milone, Dustin J. Stiles, Susan DeCoursey, and Jack Peggs (hereinafter collectively referred to as ("Defendants"), by and through counsel Cohen McNeile & Pappas, P.C., and pursuant to Fed. R. Civ. P. 12(b) (6) moves this Court for an Order dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  Defendants submit their Suggestions in Support of Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## INTRODUCTION

Plaintiff Leon L. Lee filed suit against Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and violations of the Kansas Consumer Protection Act ("KCPA").  This action arises from a pending lawsuit filed against Plaintiff Leon L. Lee in Sedgwick County, Kansas, captioned FIA Card Services, Inc. v. Leon L. Lee, Case No. 11LM16361 on or about September 28, 2011 for the sum of $7,475.39 which represents a past due amount on a credit card issued to Plaintiff by FIA Card Services, Inc.  Cohen McNeile & Pappas, P.C. represents FIA

Card Services, Inc. in the Sedgwick County, Kansas case.  Plaintiff Leon L. Lee (hereinafter referred to as "Plaintiff") is acting *Pro Se* in the Sedgwick County, Kansas case. Plaintiff's alleged claims against Defendants for violations of the FDCPA fail to state a claim upon which relief can be granted because Defendants fully complied with the FDCPA.

Plaintiff's alleged KCPA claim stems from the same alleged FDCPA violations and therefore, fail to state a claim upon which relief can be granted. Defendants are not "suppliers" under the KCPA and, therefore, are not subject to the KCPA.  Even if this Court finds Defendants are "suppliers" under the KCPA, to support a claim under the KCPA plaintiff must show Defendants willfully committed deceptive acts or practices.  Plaintiff has plead no factual allegations sufficient to support Defendants violated the KCPA.  Defendants did not violate the FDCPA or the KCPA.

Plaintiff references numerous pieces of correspondence in his Complaint, but fails to attach them.  To assist the Court in its decision, several of the referenced documents are attached hereto. Pursuant to *GFF Corporation v.  Associated Wholesale Grocers, Inc.*, 130 F.3d 1381 (10th Cir. 1997), attaching these documents will not convert this Motion to Dismiss to a Motion for Summary Judgment.  *GFF* states:

> "If a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.  If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied. Moreover, conversion to summary judgment when a district court considers outside materials is to afford the plaintiff an opportunity to respond in kind.  When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and this rationale for conversion to summary judgment dissipates." *Id.*

As these suggestions will establish, Plaintiff fails to state a claim upon which relief can be granted.  Plaintiff's Complaint should be dismissed.

### STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  "To survive a Motion to Dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Nooruddin v. Comerica Incorporated,* 2011 WL 5588806, citing *Ashcroft v. Iqbal*, 555 U.S. 662, 129 S. Ct. 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007)). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Nooruddin* citing *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Nooruddin* citing *Dubbs v. Head Start, Inc.*, 336 F.3d 1174,1177 (10th Cir. 2007).

In evaluating the plausibility of a given claim, the Court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc. v. Texas Waste,* 161 F.3d 1259, 1262 (10th Cir. 1998). Moreover, the court must draw on its judicial experience and common sense. *Iqbal*, 129 S.Ct. 1937 (2009). All well pleaded facts contained in the complaint are assumed to be true and are viewed in the light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  Allegations that merely state

3

legal conclusions, however, need not be accepted as true. *Hall v. Bellmon*, 935 F.2d 1106,1110 (10th

Cir. 1991).

A.   **Defendants Had No Duty to Send Plaintiff a Verification Letter and Therefore, Did Not Violate 15 U.S.C. §1692g(b)**

Defendants begin with Count IV of Plaintiff's Complaint because all the remaining

allegations contained in Plaintiff's Complaint stem from Plaintiff's incorrect belief that Defendants

violated 15 U.S.C. §1692g(b).   Plaintiff alleges that when Defendants did not send a verification

letter to Plaintiff, Defendants violated §1692g(b).   Therefore, clarifying the law on Defendants'

obligation under 15 U.S.C.§ 1692g(b) should  logically flow to the dismissal of the remaining

Counts in Plaintiff's Complaint.

Plaintiff alleges in Count IV of his Complaint that Defendants violated 15 U.S.C. § 1692g(b)

by failing to send verification of the debt in response to Plaintiff's letter faxed to Defendants on

August 2, 2011.  Plaintiff admits in his Complaint that on or about April 12, 2011, Plaintiff received

a letter from Frederick J. Hanna & Associates, P.C. ("Hanna") regarding the debt owed to FIA Card

Services, N.A. (See, Complaint, ¶17). (See, Demand letter from Hanna dated April 7, 2011, attached

hereto and marked as Exhibit "A").  Plaintiff requested validation of the debt from Hanna on or

about April 16, 2011. (See, Complaint, ¶ 18). (See, Letter from Plaintiff dated April 28, 2011,

attached hereto and marked as Exhibit "B").  Plaintiff received a response from Hanna on or about

May 5, 2011, verifying the debt. (See, Complaint, ¶ 19).  (See, Hanna verification letter, dated May

5, 2011, attached hereto and marked as Exhibit "C").

Plaintiff alleges that the Hanna's verification was not sufficient verification thereby alleging

no verification of the debt was ever provided to him.  However, the Courts have stated,

4

> "Verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt... Consistent with the legislative history, verification is only intended to "eliminate the... problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."...There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt."

*Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir.1999), cert. denied, 528 U.S. 891 (1999); *Clark v. Capital Credit & Collection Servs., Inc.*,460 F.3d 1162, 1174 (9th Cir.2006) (quoting Chaudhry); *Blome v. Johnson, Rodenburg & Lauinger,* 2007 WL 4374498 (D. Mont. 2007) (quoting Clark).

Plaintiff is mistaken as to what the FDCPA requires for verification. Plaintiff's request to Hanna was much broader than the requirements placed upon a debt collector in responding to a verification. However, Plaintiff received proper verification of the debt from Hanna under the requirements of the FDCPA in the Hanna letter dated May 5, 2011.

Hanna forwarded the account to Cohen McNeile & Pappas, P.C. on or about June 12, 2011 to proceed with collection. Cohen McNeile & Pappas, P.C. sent to Plaintiff the standard demand letter containing the validation notice. However, §1692g does not require another debt collector, undertaking collection efforts after a validation notice has been timely sent, to provide additional notice and another thirty-day validation period. *Ditty v. Checkrite, LTD, Inc.*, 973 F. Supp 1320 (D. Utah 1997); *Senftle v. Landau*, 390 F. Supp.2d 463 (D.Md.2005); *Nichols v. Byrd*, 435 F. Supp.2d 1101, 1106-07 (D.Nev.2006)(holding that if Congress had intended to obligate every subsequent debt collector beyond the first to provide validation notice it would have explicitly called for it in 15 U.S.C. § 1692g); *Oppong v. First Union Mortg. Corp.*, 566 F.Supp.2d 395, 403 (E.D. Pa.2008).

The *Senftle* court looked to the plain language of §1692g stating:

> "within five days after *the initial communication* with a consumer in connection with the

collection of any debt, a debt collector shall unless the following information is contained in the initial communication..., send the consumer written notice." Though "communication" is broadly defined, the statute explicitly refers in the singular to "*the initial communication*." Again, had Congress intended that there might be more than one initial communication with a debtor on a given debt, it certainly could have provided that, such as by explicitly requiring both *initial* and successive debt collectors to provide the § 1692g(a) validation notice. In fact, Congress made just such distinctions in § 1692e(11) when it distinguished between *initial* and *subsequent communications* to a debtor on a given debt. See 15 U.S.C. § 1692e(11). Here the preeminent canon of statutory interpretation requires the court to "presume that the legislature says in a statute what it means and means in a statute what it says there." (Citations omitted). The Court thus holds that there is only on "initial communication" with a debtor on a given debt under § 1692g(a), even though subsequent debt collectors may enter the picture." *Senftle*, 390 F. Supp.2d at 473 (D. Md. 2005).

The *Oppong* court observed:

"Under the FDCPA, the goal of the initial communication is to advise the debtor of his rights and obligations to his creditor. Once the validation information is provided in the initial communication, and once the debtor is made aware of his rights at the time the collection process begins, it would serve no purpose to require that the same information be given again and again, each time the servicing function was passed from one creditor to another." *Oppong*, 566 F. Supp.2d at 404 (E.D.Penn.2008).

Plaintiff states in his Complaint at ¶21, "The alleged debt was exactly the same as Frederick J. Hanna & Associates, P.C. had previously attempted to collect from the Plaintiff...". Plaintiff's debt had already been verified by Hanna on May 5, 2011, per Plaintiff's request. Therefore, Plaintiff's right to dispute the validity of the debt expired before the Cohen McNeile & Pappas, P.C. letter was sent. The validation language contained in Cohen McNeile & Pappas, P.C.'s letter was gratuitous and did not violate §1692g(b). *Ditty*, 973 F. Supp 1320 (D. Utah 1997). Defendants had no obligation to send another validation notice but did so as standard practice. Further, Defendants had no legal obligation under the FDCPA to send another verification to Plaintiff since Plaintiff had already received a verification of the debt from a prior debt collector. Defendants had no obligation to cease and desist from the collection of Plaintiff's debt.

Count IV of Plaintiff's Complaint against Defendants for violations of §1692g(b) does not contain sufficient factual matter, even if accepted as true, to state a claim for relief that is plausible on its face.  Defendants were not required to send a subsequent validation notice on the same debt Plaintiff had previously requested and received  verification.  Therefore, Plaintiff fails to state a claim for which relief can be granted.  Defendants did not violate §1692g(b) as a matter of law. Count IV of Plaintiff's Complaint must be dismissed.

B.      **Defendants Did Not Violate 15 U.S.C. §1692e**

Count I of Plaintiff's Complaint alleges that Defendants violated §1692e by, (a) making false representations of the character, amount or legal status of Plaintiff's alleged debt; (b) using a false representation or deceptive means to collect or attempt to collect a debt and (c) failing to include the mini-miranda warning in their email communication with Plaintiff.

Plaintiff pleads legal conclusions but fails to provide any factual support that Defendants made any false representations regarding the alleged debt in support of his allegations in (a). Plaintiff pleads legal conclusions but fails to provide any factual support that Defendants made any false representations or used deceptive means in attempting to collect this debt in support of his allegations in (b).  Plaintiff simply alleges violations by reciting the language from the statute (legal conclusions) without any factual support.

Moreover, Plaintiff's Factual Allegations Common to All Counts in his Complaint do not provide sufficient factual support for Plaintiff's allegations.  Plaintiff's recounting of the settlement negotiations with Defendants does not provide any support for any violations of the FDCPA. The actions taken by the Court in Sedgwick County, Kansas District Court also have no bearing on this matter.  Plaintiff's allegations  are legal conclusions, wholly conclusory and fail to state a claim for

which relief can be granted.

The only fact Plaintiff states in support of Defendants alleged violation of §1692e is that Susan DeCoursey sent him one electronic mail in response to Plaintiff's letter which did not contain a mini-miranda notice.   Plaintiff's letter stated: "Your response must be via email sent to llee71@att.net within the aforementioned time frame to avoid the initiation of legal action against you." (See, Notice of Intent to Sue, dated October 25, 2011, attached hereto and marked as Exhibit "D").   The mini-miranda notice had inadvertently been omitted from Ms. DeCoursey's electronic mail.   Normally, Ms. DeCoursey does not communicate with debtors by electronic mail and did so only because Plaintiff specifically requested that form of communication in his Notice of Intent to Sue letter.   Plaintiff was acting as his own counsel in the Sedgwick County, Kansas case at the time and Susan DeCoursey was communicating with him because he was acting *pro se*.   Ms. DeCoursey's failure to include it was not intentional, nor was it omitted for the purpose of any deception. Moreover, Plaintiff alleges that the electronic mail was an attempt to collect a debt because settlement was mentioned in the electronic mail.   Defendants deny that this single electronic mail was a violation of §1692e.    Common sense indicates that this inadvertent error caused no harm or monetary damage to Plaintiff.

Count I of Plaintiff's Complaint against Defendants for violations of §1692e does not contain sufficient factual matter, even if accepted as true, to state a claim for relief that is plausible on its face.   Defendants have not violated §1692e.   Therefore, Defendants pray that the Court will dismiss Count I of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

C.     **Defendants Did Not Violate 15 U.S.C. §1692d or §1692f.**

Count II of Plaintiff's Complaint alleges Defendants violated §1692d because Defendants

failed to respond to his request for verification of the debt.  §1692d provides that a debt collector may not harass, oppress or abuse a debtor.  Plaintiff relies solely on the request for verification in support of Count II of his Complaint.  However, Defendants have already submitted the law which demonstrates that Defendants had no obligation to provide Plaintiff with a subsequent verification. Defendants did not harass, oppress or abuse Plaintiff in attempting to collect this debt.  Plaintiff has provided no facts in support of his allegation, merely legal conclusions.

Count III of Plaintiff's Complaint alleges Defendants violated §1692f.  §1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt. The FDCPA lists various actions which are considered to be  violations of this section. 15 U.S.C. §1692f.  Plaintiff makes  blanket allegations which are legal conclusions that Defendants violated §1692f, without any factual support.

Counts II and III of Plaintiff's Complaint against Defendants for violations of §1692d and §1692f do not contain sufficient factual matter, even if accepted as true, to state a claim for relief that is plausible on its face.  Defendants have not violated §1692d or §1692f.  Therefore, as a matter of law, Plaintiff fails to state a claim upon which relief can be granted.  Counts II and III of Plaintiff's Complaint must be dismissed.

D.    **Defendants Have Not Violated the KCPA**

Assuming arguendo, this Court finds Defendants are "suppliers' under the KCPA, Count V of Plaintiff's Complaint still fails to state a claim for which relief can be granted.  Plaintiff makes general conclusory allegations unsupported by any actual factual allegations giving rise to a violation of the KCPA by Defendants.  Plaintiff attempts to boot strap his allegations in Counts I through IV against Defendants into a violation of the KCPA.  That is not sufficient support for Count V of

9

Plaintiff's Complaint.

Plaintiff relies upon the request for verification to Defendants as his sole claim, which was not a violation of the FDCPA by Defendants and therefore, cannot be a violation of the KCPA. The KCPA is to prevent deceptive acts and practices. Plaintiff alleges that Defendants willfully used a written representation of exaggeration, falsehood, innuendo or ambiguity as to a material fact, without any factual support. Plaintiff alleges that Defendants willfully failed to state a material fact, or willfully concealed, suppressed or omitted a material fact, without any factual support for same. The Factual Allegations Common to All Counts contained in Plaintiff's Complaint provide no factual support for Plaintiff's allegations.

Further, to bring an individual action under the KCPA, a plaintiff must be an aggrieved consumer, one that has suffered some loss or injury as a result of the violation. *Caputo v. Professional Recovery Services, Inc.,* 261 F.Supp.2d 1249 (2003), citing, *Finstad v. Washburn University*, 252 Kan. 465, 473, 845 P.2d 685 (1993), *Schneider v. Liberty Asset Management*, 45 Kan. App.2d 978 (2011), 251 P.3d 978. Defendants have not violated the KCPA, but even if there had been a violation of the KCPA as alleged, Plaintiff has not suffered any loss or injury related to the alleged violation. *Id.* At 671-72. Therefore, Count V of Plaintiff Complaint must fail.

Count V of Plaintiff's Complaint against Defendants for violations of the KCPA does not contain sufficient factual matter, even if accepted as true, to state a claim for relief that is plausible on its face. Defendants have not violated the KCPA. Plaintiff has not suffered any loss or injury. Therefore, as a matter of law, Plaintiff fails to state a claim upon which relief can be granted. Count V of Plaintiff's Complaint must be dismissed.

## CONCLUSION

Based on the foregoing, Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed.  Defendants have provided Federal Case law demonstrating that Defendants had no legal obligation under the FDCPA to further verify the debt as a subsequent debt collector.   Plaintiff acknowledged that the prior debt collector responded to the request for verification. Defendants have demonstrated that the prior debt collectors' verification complied with the FDCPA.  Plaintiff's claims focus around Defendants' failure to verify the debt, therefore, there is no factual support for the remaining alleged FDCPA violations which make Plaintiff's claim plausible under the law.  The inadvertent electronic mail sent to Plaintiff at his request, base upon common sense demonstrates that Defendants have not violated the FDCPA.  Moreover, Plaintiff has sustained no damages.

 Moreover, Plaintiff relies on Defendants alleged violations of §1692g(b) of the FDCPA for the alleged violations of the KCPA.  There has been no violation of §1692g(b) of the FDCPA, therefore, Defendant has not violated the KCPA.   Plaintiff states legal conclusions in Count V of Plaintiff's Complaint and merely legal conclusions are insufficient to support a plausible claim.

Under the standard of review on a motion to dismiss, Plaintiff's Complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face. Defendants had no duty to verify Plaintiff's debt.  Plaintiff remaining allegations rely merely on general legal conclusions in support of his allegations.  Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore, must be dismissed as a matter of law.

Respectfully submitted,

COHEN MCNEILE & PAPPAS, P.C.

s/s James M. McNeile
James M. McNeile, #13044
4601 College Blvd., Suite 200
Leawood, KS 66211
(913) 491-4050; Fax: (913) 491-3059
jmcneile@cmplaw.net
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2012, I electronically filed Defendants'
Motion to Dismiss with the Clerk of the Court using the CM/ECF System which will send notice
of electronic filing to all participants in the CM/ECF System.  I further certify that I mailed the
foregoing document and notice of electronic filing by first-class mail to the following no-
CM/ECF participants:

Leon E. Lee
1314 N. Dunworth Avenue
Wichita, KS 67212
Plaintiff Pro Se

                                         s/s James M. McNeile
                                         James M. McNeile, #13044

12

05/04/2011  10:22   3167214852          LEON LEE                    PAGE  01/03

# FREDERICK J. HANNA & ASSOCIATES, P.C.

## *Attorneys at Law*

FREDERICK J. HANNA
DENNIS E. HENRY
JAMES T. FREANKY
LOUIS R. FEINGOLD
MICHAEL S. PESKIN
ROBERT A. WINTER

1427 ROSWELL ROAD
MARIETTA, GA 30062
FAX:        (770) 980-0528
TOLL FREE: (866) 811-1159

JOSEPH C. COOLING
SCOT W. GROGHAI
CLAYTON D. MOSELE
S. LOUIS SCHIAPP
DANIEL A. GREENI

April 7, 2011

4253

LEON E LEE
1314 N DUNSWORTH AVE
WICHITA KS 67212-2918

Re:   FIA CARD SERVICES, N.A.
      Reference:          9067
      Balance:    $7,475.39
      File No:    11093171

Dear LEON E LEE:

Please be advised that this law firm represents FIA CARD SERVICES, N.A.  in its effort to collect your delinquent debt as shown above. Please contact our office to make arrangements to pay the unpaid balance.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof,  this office will obtain verification of the debt or obtain a copy of a Judgment and mail you a copy of such Judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

Sincerely,

Frederick J. Hanna & Associates



HOURS OF OPERATION ARE: MONDAY-FRIDAY 8AM-9PM EST
AND SATURDAY 8AM-1PM EST

" THIS IS A COMMUNICATION FROM A DEBT COLLECTOR "

05/04/2011  10:22   3167214852              LEON LEE                    PAGE  02/03

April 28, 2011

Leon Lee
1314 Dunsworth
Wichita , Ks 67212

Frederick J. Hanna & Associates P. C
1427 Rosewell GA. 30062
Chicago, IL

Re: Acct #          9067

To Whom It May Concern:

This letter is being sent to you in response to a notice sent to
me on April 7, 2011 (copy enclosed) Be advised that this is not
a refusal to pay, but a notice sent pursuant to the Fair Debt
Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your
claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing
address, but a request for VALIDATION made pursuant to the above
named Title and Section. I respectfully request that your
offices provide me with competent evidence that I have any legal
obligation to pay you.

Please provide me with the following:

- What the money you say I owe is for.
- Explain and show me how you specifically calculated the
  entire amount of what you say I owe.
- Provide me with copies of any and all papers that show I
  agreed to pay what you say I owe.
- Identify the ORIGINAL creditor.

If your offices are able to provide the proper documentation as
requested, I will require at least 30 days after receipt to
investigate this information and during such time all collection
activity must cease and desist.

If your offices fail to respond to this validation request
within 30 days from the date of your receipt, all references to
this account must be deleted and completely removed from my
credit files and a copy of such deletion request shall be sent
to me immediately.



I would also like to request, in writing, that no telephone
contact be made by your offices to my home or to my place of
employment. If your offices attempt telephone communication with
me, including but not limited to computer generated calls and
calls or correspondence sent to or with any third parties, it
will be considered harassment. All future communications with me
MUST be done in writing and sent to the address noted in this
letter by USPS.

It would be advisable that you assure that your records are in
order before I am forced to take legal action. This is an
attempt to correct your records, any information obtained shall
be used for that purpose.

Best Regards,

# FREDERICK J. HANNA & ASSOCIATES, P.C.

## *Attorneys at Law*

FREDERICK J. HANNA
JAMES T. FREANEY
LOUIS R. FEINGOLD
MICHAEL S. PESKIN
ROBERT A. WINTER

1427 ROSWELL ROAD
MARIETTA, GA 30062

TEL:         (770) 988-9055
FAX:        (770) 980-0528
TOLL FREE: (800) 291-5144

JOSEPH C. COOLING
SCOT W. GROGHAN
CLAYTON D. MOSELEY
S. LOUIS SCHIAPPA
DANIEL A. GREENE

May 5, 2011

LEON E LEE
1314 N DUNSWORTH AVE
WICHITA KS 67212-2918

Re: FIA CARD SERVICES, N.A.
Account:            4253
Related Account #:            9067
Balance: $7,475.39

Dear LEON E LEE:

We are in receipt of your letter in which you stated there is a dispute with the aforementioned account and your request for verification. Your account was originally opened with **FIA CARD SERVICES, N.A.** on May 19, 2006, and your last payment was received on October 29, 2010. Our client has verified that the balance of $7,475.39 to be true, correct, and still owing at this time.

We are willing to accept a settlement of $3,737.70. Upon receipt, my client will be notified of the funds received and they will mark the account settled. Bank of America may be required by law to report this settlement to one or more taxing authorities. The Bank makes no representation about tax consequences this may have or any reporting requirements that may be imposed on the Bank. You should consult independent tax counsel of your own choosing if you desire advice about any tax consequences, which may result from this settlement.

It is our sincere hope that we will be able to work together for a speedy conclusion and ask that you please resolve this matter by May 20, 2011.

Sincerely,

Patricia Layhew
Legal Assistant

11093171



" THIS IS A COMMUNICATION FROM A DEBT COLLECTOR "

October 25, 2011

Leon E. Lee
1314 N. Dunsworth Ave.
Wichita, Kansas 67212

Cohen McNeile & Pappas P.C.
4601 College Boulevard Suite 200
Leawood Executive Center
Leawood, KS 66211

### NOTICE OF INTENT TO SUE

To James M. McNeile,

This is my notice to you of my intent to file a federal lawsuit against you, your firm, and others associated with your firm for violations of the Fair Debt Collection Practices Act U.S.C. Title 15 § 1692 et seq.  You sent me a letter dated June 14, 2011 demanding payment for an alleged account of FIA Card Services in the amount of $7,475.39.  I sent you a demand for validation and notice to cease and desist from collection activities of the alleged debt until it is validated which was received by you according by fax and to USPS records.  You failed to validate the alleged debt or to even respond to that demand. The next action you took was to file a lawsuit against me in the District Court in Sedgwick County, Kansas which is a collection action and is a blatant violation of the FDCPA and makes you liable for statutory and actual damages under federal law.  Your actions in bringing the lawsuit in the name of FIA Card Services as well when it is actually your firm who is attempting to illicitly collect on nothing more than evidence of debt is an issue as well as it constitutes fraud upon the court.  I am fully aware of how the debt buying racket works and am fully prepared to pursue actions against you before a jury.

As a result of your actions I am prepared to file suit in Federal District Court for said violations and demand a trial by jury for statutory and actual damages. I would prefer to come to a reasonable settlement on these violations of my rights and federal law if I hear from you within ten days of your receipt of this letter and we can come to agreement in that timeframe. Your response must be via email sent to llee71@att.net within the aforementioned timeframe to avoid the initiation of legal action against you.  As I am sure you are aware, litigation in the Federal Court can become rather onerous and expensive and I would prefer to reach an amicable solution to this matter, however, I am prepared to file suit to recover damages if we cannot come to an agreement within the timeframe mentioned above.  I look forward to your timely response.

Yours Truly,

Leon E. Lee

Leon E. Lee

EXHIBIT
D

Sent by certified mail #   7011  1570  0002  3066  1435



L. Cox
1319 Pawnee, Apt W
Wichita Ks 67212

Cohen, McNeile & Pappas P.C.
4601 College Blv Suite 200
Leawood Ks 66211

CERTIFIED MAIL

7011 1570 0002 3066 1435

RETURN RECEIPT
REQUESTED

RETURN RECEIPT
REQUESTED

RETURN RECEIPT
REQUESTED

RETURN RECEIPT
REQUESTED

UNITED STATES
POSTAL SERVICE

1000

66211

U.S. POSTAGE
WICHITA, KS
63276
NOV 03 '11
AMOUNT

$5.50
000716. J5

11-7986
SPD
Counterclaim
Claim