IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Leon E Lee,

        Plaintiff,

vs.                                                    Case No. 12-1025-JTM

Cohen McNeile & Pappas, PC, et al.,

        Defendants.


MEMORANDUM AND ORDER

On September 28, 2011, FIA Card Services, Inc. commenced an action in Sedgwick County, Kansas District Court against Leon E. Lee, seeking to collect $7,475.39 in credit card debt. Appearing *pro se*, Lee subsequently commenced this federal action, alleging that the defendant attorneys for FIA, Cohen McNeile & Pappas, P.C., violated the Fair Debt Collection Practices Act (FDCPA) and the Kansas Consumer Protection Act (KCPA). The defendants have moved to dismiss the action.

A complaint must present factual allegations which, if accepted as true, are sufficient to state a claim for relief that is plausible on its face. *(See Ashcroft v. Iqbal*, 555 U.S. 662, 129 S. Ct. 1937, 1950 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007)). It must do more than suggest "[t]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this

plaintiff has a reasonable likelihood of mustering factual support for these claims. *Ridge at Redhawk v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The court accepts all well pleaded facts as true, but it need not accept conclusory allegations unrelated to specific factual averments. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). Under these standards, the defendants are entitled to the relief sought.

The core of Lee's claim is that the defendants violated 15 U.S.C. §1692g(b) by failing to supply a validation of the amount due. But the Complaint itself establishes that Lee did receive a validation in response to his letter of April 16, 2011. While Lee may complain that the May 5, 2011 validation letter sent by Frederick J. Hanna & Associates, P.C., might have contained more information, the letter did not violate the requirements of applicable law.

> Verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt... Consistent with the legislative history, verification is only intended to "eliminate the ... problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." ... There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt.

*Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir.1999), *cert. denied*, 528 U.S. 891 (1999).

Lee claims in his Response to the Motion to Dismiss that validation requires far more than was supplied in the Hanna letter, but the authorities he cites (Dkt. 7, at ¶ 25) involve state decisions, all outside of Kansas. None of the cases involve the FDCPA, and none support his contention that validation requires a full accounting of the debt prior to litigation. Plaintiff makes no attempt to demonstrate that the rule expressed in *Chaudhry* is not the correct interpretation of federal law.

Further, § 1962g imposes an obligation on the *initial* debt collector to supply validation of the debt. It does not require separate validation by successive debt collectors. *Ditty v. Checkrite*,

LTD, Inc., 973 F. Supp 1320 (D. Utah 1997). Accordingly, the plainiff has failed to demonstrate any violation by the defendants, who undertook the collection of the Lee debt after Hanna.

Similarly, while the plaintiff's Complaint contains general allegations that the defendants violated § 1692e by making false representations, the Complaint is devoid of any factual averments as to specific misrepresentations or deceptions, other than noting the fact that one email sent to him omitted a standard mini-miranda warning. The plaintiff makes no allegation that the apparently inadvertent omission of the mini-miranda warning caused him any actual or specific harm. Nor would such an allegation be credible, given the prior history between the parties, including Lee's previous communications asserting his legal rights and threatening litigation. In his Response to the Motion to Dismiss (Dkt. 7 at ¶¶ 27, 28), Lee simply stresses that the subsequent correspondence by the defendants indicated a different total for the amount of the debt, but still fails to present any factual averments indicating that the defendants made acutal misrepresentations, or that the omission of the mini-miranda warning was either deliberate or caused him damage. The legal conclusions presented by the plaintiff are insufficient to present a claim under § 1692e.

The court will also dismiss Lee's claims under Counts 2 and 3 to the extent that these raise claims under §§ 1692d and 1692f. These allegations are either tied to the failure to validate the debt — which, as the court noted earlier, was not violated under the circumstances of the case — or again rest on mere legal conclusions without any supporting factual averments indicating the basis for a finding of liability.

Finally, the court finds that the plaintiff has failed to allege a claim for violation of the KCPA. Again, Lee makes only general and conclusory allegations, unsupported by any actual factual

averments, that defendants violated the Kansas statute, or which merely reiterates the putative failure to validate violation of the FDCPA.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2012, that the defendants' Motion to Dismiss (Dkt. 3) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE